IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:11-cr-26-ECM |
| | ) | [WO] |
| JAMES E. MOSS | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is Defendant James E. Moss' motion for early termination of supervised release. (Doc. 399). Upon consideration of the motion, and for the following reasons, the motion is due to be denied.

**BACKGROUND**

On November 2, 2011, a jury convicted the Defendant on one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and twenty-four counts of aiding or assisting in the preparation of false documents under the Internal Revenue Laws, in violation of 26 U.S.C. § 7206 and 18 U.S.C. § 2. On July 26, 2012, the Court imposed a total sentence of 160 months' imprisonment followed by 3 years of supervised release. (Doc. 282). The Defendant was also ordered to pay $121,231.00 in restitution to the Internal Revenue Service. (*Id.* at 5). He appealed his convictions and sentence to the Eleventh Circuit, and the Eleventh Circuit affirmed. *See United States v. Moss*, 543 F. App'x 959 (11th Cir. 2013) (per curiam). The Defendant began serving his terms of supervised release on March 11, 2023. (Doc. 399 at 1). To date, he has served approximately 21 months, which is approximately 58% of his terms.

In support of his request for early termination, the Defendant asserts that he has been

"totally compliant" with the terms of his supervised release, he has been making regular and timely restitution payments, and he is considered a "low risk" offender. (Doc. 399 at 1). The Defendant further represents that neither the Defendant's Probation Officer nor the United States opposes the Defendant's motion. (*Id.*).

## DISCUSSION

Pursuant to 18 U.S.C. § 3583(e)(1), the Court may terminate a term of supervised release after completion of one year thereof if the Court determines that early termination is warranted by the Defendant's conduct and is in the interest of justice. *See United States v. Johnson*, 877 F.3d 993, 996 (11th Cir. 2017). In making this determination, the Court must consider certain sentencing factors set forth in 18 U.S.C. § 3553(a). *Id.* These sentencing factors include the nature and circumstances of the offense, the history and characteristics of the Defendant, the need for deterrence, the need to avoid unwarranted sentencing disparities, and the need to protect the public from further crimes of the Defendant. *See* 18 U.S.C. §§ 3553(a) and 3583(e)(1); *Johnson*, 877 F.3d at 996 n.7. The Court now turns to the sentencing factors to determine whether early termination is warranted based on the Defendant's conduct and is in the interest of justice. *See* 18 U.S.C. § 3583(e)(1).

While the Court appreciates the fact that the Defendant has complied with the conditions imposed on him by this Court, including making timely restitution payments, the Court finds that the Defendant's compliance is the minimum expectation and is not an adequate, independent basis for early termination of supervised release. The Court further

finds that, on this record, his circumstances do not justify early termination of supervised release. Considering the nature and circumstances of his offenses, coupled with the need to protect the public and the need for deterrence, the interest of justice counsels in favor of the Defendant remaining under supervision. The Defendant engaged in criminal conduct spanning multiple years which unlawfully deprived the Federal Government of $121,231.00. While the Court recognizes that the Defendant appears to have made payments towards his financial judgment and has conducted himself lawfully since 2023, the Court also observes that he has done so while under supervision. In sum, the Defendant fails to satisfy his burden to show that the interest of justice warrants early termination of his supervision. Continued supervision is necessary to deter the Defendant and others from illegal activity and to protect the public.

For these reasons, the Court concludes that the Defendant's motion for early termination is due to be denied.

## CONCLUSION

Accordingly, upon consideration of the motion, and for good cause, it is

ORDERED that the Defendant's motion for early termination of supervised release (doc. 399) is DENIED.

Done this the 18th day of December, 2024.

                                                /s/ Emily C. Marks
                                                EMILY C. MARKS
                                                CHIEF UNITED STATES DISTRICT JUDGE